IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE VILLEGAS SOSA, an individual a/k/a JORGE VILLEGAS, | )<br>)   Case No. 1:20-cv-1679<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| COALFIRE, INC., an Illinois corporation d/b/a COALFIRE PIZZA, DAVID BONOMI, an individual, and WILLIAM CARROLL, an individual, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **COMPLAINT**

The Plaintiff, Jorge Villegas Sosa ("Plaintiff" or "Villegas"), by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Coalfire, Inc., an Illinois corporation d/b/a Coalfire Pizza, ("Coalfire"), David Bonomi, ("Bonomi"), and William Carroll ("Carroll") (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff statutory minimum wages and overtime compensation for hours worked over forty (40) in a work week, while compensating the Plaintiff on an improper salary basis. Plaintiff is a former busboy, dishwasher and food preparer at Defendants' Coalfire Pizza restaurant.

**JURISDICTION AND VENUE**

1

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Villegas is a former employee of the Defendants' Coalfire Pizza restaurant located at 1321 W. Grand Avenue in Chicago, Illinois. Plaintiff Villegas worked as a busboy, dishwasher and food preparer at Defendants' restaurant for more than ten years from approximately 2009 through January 28, 2020.

5. During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, cleaning products, and tools which moved in interstate commerce prior to being used or purchased in Illinois.

6. Plaintiff resides in and is domiciled in this judicial district.

7. Defendant Coalfire, Inc. does business as the Coalfire Pizza restaurant on West Grand Avenue in Chicago, Illinois and is engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on and off its premises.

8. Upon information and belief, Defendant Coalfire has earned more than $1,000,000.00 in annual gross revenue during 2017, 2018, and 2019.

9. Defendant Coalfire is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

10. Defendant Bonomi is an owner of the Coalfire Pizza restaurant and is the president of the restaurant's operating entity, Defendant Coalfire, Inc.

11. Defendant Carroll is also an owner of the Coalfire Pizza restaurant and is the corporate secretary of the restaurant's operating entity, Defendant Coalfire, Inc.

12. At all times relevant to this action, Defendants Bonomi and Carroll both possessed extensive oversight over the Coalfire Pizza restaurant and its business operations. Defendants Bonomi and Carroll were the ultimate decision-makers with respect to Defendants' payroll and wage and hour practices; they possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

13. Upon information and belief, Defendants Bonomi and Carroll reside in and are domiciled within this District.

**COMMON ALLEGATIONS**

14. During the period from at least March, 2017 through approximately July, 2018, Plaintiff regularly worked at Defendants' Coalfire restaurant six (6) days a week including Tuesday through Thursday, 3:30 p.m. to 10:30 p.m.; and, Friday through Sunday from 11:30 a.m. to at least 11:30 p.m. Plaintiff typically did not work on Monday.

15. Based on his schedule, Plaintiff regularly worked fifty-seven (57) hours in individual workweeks from March, 2017 through July, 2018.

16. Between approximately August, 2018 through December, 2018, Plaintiff no longer worked on Thursday and regularly worked approximately fifty (50) hours in individual workweeks. During 2019 and in January, 2020, Plaintiff's hours were variable and he frequently worked in excess of forty (40) hours individual workweeks.

17. Between March, 2017 and July, 2018, Defendants paid Plaintiff a weekly salary in the amount of $560.00 which included payment for only forty (40) hours of work per week at

the rate of $14.00 per hour even though Plaintiff worked approximately fifty-seven (57) hours per week during this period. Between approximately August, 2018 and April, 2019, Defendants reduced Plaintiff's weekly salary to $504.00 which included payment for only thirty-six (36) hours of work per week at the rate of $14.00 per hour even though Plaintiff worked approximately fifty (50) hours per week during this period. Starting in approximately mid-April, 2019, Defendants paid Plaintiff a weekly salary in the amount of $540.00 which included payment for only forty (40) hours of work per week at the rate of $13.50 per hour even though Plaintiff frequently worked in excess of forty hours per week.

18. As a result of Defendants' improper salary payments, Defendants paid Plaintiff below the federal, state and municipal minimum wage rates for hours that he worked in excess of forty in individual workweeks.

19. Further, Defendant did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

20. But for rare circumstances, Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

21. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

22. Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

23. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

24. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

25. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

26. Defendant Coalfire, Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

27. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

28. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

29. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff was scheduled to work and regularly did work more than forty (40) hours in individual workweeks, and Defendants further avoided overtime wage obligations by placing Plaintiff on an illegal salary compensation plan. Additionally, Defendants failed to record the number of hours worked by Plaintiff and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Jorge Villegas Sosa, prays for a judgment against Defendants, Coalfire, Inc. d/b/a Coalfire Pizza, David Bonomi and William Carroll, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act – Minimum Wages

30.     Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

31.     Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

32.     Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

33.     During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

34.     Defendant Coalfire, Inc. is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

35.     Pursuant to 29 U.S.C. § 206, Plaintiff was entitled to be compensated according to the applicable minimum wage rate.

36.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff minimum wages was willful and not in good faith. Defendants failed to pay minimum wages by paying Plaintiff on an improper salary plan which compensated Plaintiff for no more than forty (40) hours of work in individual workweeks and providing incomplete wage statement records. Additionally, Defendants failed to record the number of hours worked by Plaintiff, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Jorge Villegas Sosa, prays for a judgment against Defendants, Coalfire, Inc. d/b/a Coalfire Pizza, David Bonomi and William Carroll, as follows:

    A.      Judgment in the amount of unpaid minimum wages found due;

    B.      Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

    C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

    D.      Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Overtime Wages

37.      Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

38.      Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

39.      Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

40.      Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

41.      Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

42.      Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Jorge Villegas Sosa, prays for a judgment against Defendants, Coalfire, Inc. d/b/a Coalfire Pizza, David Bonomi and William Carroll, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments through February, 2019, and five percent (5%) thereafter;

D. Reasonable attorneys' fees and costs incurred infilling and prosecuting this action; and,

E. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages

43. Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

44. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

45. Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

46. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

47. Pursuant to 820 ILCS § 105/4, Plaintiff was entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE**, the Plaintiff, Jorge Villegas Sosa, prays for a judgment against Defendants, Coalfire, Inc. d/b/a Coalfire Pizza, David Bonomi and William Carroll, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory damages in the amount of three times the amount of unpaid minimum wages;

C. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments through February, 2019, and five percent (5%) thereafter; Reasonable attorneys' fees and costs incurred in filing and prosecuting this action;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

E. Such other and further relief as this Court deems appropriate and just.

## COUNT V
## Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

48. Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

49. Plaintiff was an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

50. Defendants were each an "employer" as defined in the CMWO § 1-24-10.

51. Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

52. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiff, Jorge Villegas Sosa, prays for a judgment against Defendants, Coalfire, Inc. d/b/a Coalfire Pizza, David Bonomi and William Carroll, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D. Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the Chicago Minimum Wage Ordinance – Minimum Wages

53. Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

54. Plaintiff was an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and was not exempt from the minimum wage provisions of the CMWO, § 1-24-050.

55. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

56. Under § 1-24-020(a), Plaintiff was entitled to be compensated according to the minimum wage requirements of CMWO.

57. Defendants' failure and refusal to pay wages at the minimum wage rates was a violation of the minimum wage provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiff, Jorge Villegas Sosa, prays for a judgment against Defendants, Coalfire, Inc. d/b/a Coalfire Pizza, David Bonomi and William Carroll , as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D. Such other and further relief as this Court deems appropriate and just.

Dated: March 9, 2020

Respectfully submitted,
Jorge Villegas Sosa,
Plaintiff

/s/ Timothy M. Nolan
_____
Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tele (312) 322-1100
tnolan@nolanwagelaw.com